IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  10413 COUNTY ROAD 76 ½ , WINDSOR, COLORADO;
2.  $65,034.16 SEIZED FROM FIRST BANK ACCOUNT 8145510716;
3.  $16,887.75 SEIZED FROM FIRST BANK ACCOUNT 8142726343;
4.  $14,064.34 SEIZED FROM WELLS FARGO ACCOUNT 9048072798;
5.  2015 TOYOTA TUNDRA CREWMAX LIMITED, VIN: 5TFHW5F14FX430497;
6.  2015 TOYOTA TUNDRA CREWMAX SR5, VIN: 5TFDW5F13FX447662;
7.  $18,746.00 IN UNITED STATES CURRENCY;
8.  $724.00 IN UNITED STATES CURRENCY;
9.  FOUR HORSEMEN OF THE APOCALYPSE SILVER SET;
10. TYRANNOSAURUS REX SILVER COIN;
11. SUNSHINE MINT SILVER BAR 100 OUNCES;
12. 10 SUNSHINE MINT SILVER BARS 10 OUNCES EACH;
13. GAIRSOPPA SHIPWRECK SILVER BAR 10 OUNCES;
14. MORGAN SILVER BAR 10 OUNCES;
15. PROVIDENT SILVER BAR 10 OUNCES;
16. NOAH'S ARK SILVER COIN 10 OUNCES;
17. 43 SUNSHINE MINT SILVER BARS 5 OUNCES EACH;
18. 10 SUNSHINE MINT SILVER BARS 1 OUNCE EACH;
19. 2 GENERIC SILVER COINS WITH BUFFALO 1 OUNCE EACH;
20. CANADIAN MAPLE LEAF COIN 1 OUNCE;
21. CANADIAN COUGAR COIN 1 OUNCE;
22. 7 GENERIC SILVER COINS 1 OUNCE EACH;
23. 1883 MORGAN SILVER DOLLAR;
24. 2 COLLECTOR COINS (1 GAIRSOPPA, 1 AL CAPONE);
25. 25 2015 CANADIAN MAPLE MINT COINS 1 OUNCE EACH;
26. 500 CANADIAN MAPLE SILVER COINS 1 OUNCE EACH;
27. 500 2015 ASE SILVER COINS;
28. 500 WEST POINT SILVER COINS;
29. 500 2015 AND 2014 SILVER COINS;
30. 15 GOLD BARS 1 OUNCE EACH;
31. 2 2015 UNITED STATES GOLD COINS 1 OUNCE EACH;
32. 25 PAMP SUISSE GOLD BARS 1 GRAM EACH;
33. PAMP SUISSE GOLD BAR 2.5 GRAMS;
34. SUNSHINE MINT GOLD BAR 5 GRAMS;

35.  CANADIAN MAPLE LEAF GOLD COIN 1/10 OUNCE;
36.  5 MX DOS PESOS COINS;
37.  1908 UNITED STATES 2 ½ DOLLAR COIN; AND
38.  123 MISCELLANEOUS FIREARMS PARTS AND AMMUNITION,

      Defendants.
_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Actions G(2), states:

### JURISDICTION AND VENUE

1.      The United States of America has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 924(d), seeking forfeiture of defendant property based upon violations of 18 U.S.C. §§ 1956, 1957, 554, and 922, and 22 U.S.C. § 2778.  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.      Venue is proper under 28 U.S.C. § 1395, as the defendant property is located, and the acts described herein occurred, in the District of Colorado.

### DEFENDANT PROPERTY

3.      Defendant property is more fully described as follows:

      a.      10413 County Road 76 ½ Road, Windsor, Colorado 80550 (defendant 10413 County Road 76 ½), more fully described as PT NW4 26-7-67, LOT A REC EXEMPT RE-4364, County of Weld, State of Colorado.  Defendant 10413 County Road 76 ½ is titled in the names Michael J. Suppes and Jenna E. Stroh, and upon information and belief, is encumbered by a Deed of Trust for the benefit of Van Dyk Mortgage.

b.      $65,034.16 seized from First Bank account 8145510716 (defendant First Bank account 0716) on May 30, 2019.  Defendant First Bank account 0716 is currently in the custody of Department of Homeland Security in Denver, Colorado.

c.      $16,887.75 seized from First Bank account 8142726343 (defendant First Bank account 6343) on May 30, 2019.  Defendant First Bank account 6343 is currently in the custody of the Department of Homeland Security in Denver, Colorado.

d.      $14,064.34 seized from Wells Fargo Bank account 9048072798 (defendant Wells Fargo account 2798) on May 30, 2019.  Defendant Wells Fargo account 2798 is currently in the custody of Department of Homeland Security in Denver, Colorado.

e.      2015 Toyota Tundra Crewmax Limited, VIN:  5TFHW5F14FX43 0497 (defendant 2015 Toyota Tundra Limited 0497), seized on May 31, 2019 from defendant 10413 County Road 76 ½.  Defendant 2015 Toyota Tundra Limited is currently in the custody of Department of Homeland Security in Denver, Colorado.

f.      2015 Toyota Tundra Crewmax SR5, VIN: 5TFDW5F13FX447662 (defendant 2015 Toyota Tundra SR5 7662), seized on May 30, 2019 on Interstate 25 at mile marker 239, near Firestone, Colorado.  Defendant 2015 Toyota Tundra SR5 is currently in the custody of Department of Homeland Security in Denver, Colorado.

g.      $18,746.00 in United States currency (defendant $18,746.00 in U.S. currency), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant $18,746.00 in U.S. currency) is currently in the custody of the Department of Homeland Security in Denver, Colorado.

h.      $724.00 in United States currency (defendant $724.00 in U.S. currency), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant $724.00 in U.S. currency) is currently in the custody of Department of Homeland Security in Denver, Colorado.

i.      Four Horsemen of the Apocalypse silver coin set (defendant Four Horseman coins), seized on May 30, 2019 from 10413 County Road 76 ½.  Defendant Four Horseman coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

j.      Tyrannosaurus Rex silver coin (defendant T-Rex coin), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant T-Rex coin is currently in the custody of Department of Homeland Security in Denver, Colorado.

k.      Sunshine Mint 100 ounce silver bar (defendant Sunshine Mint 100-ounce silver bar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Sunshine Mint 100 ounce silver bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

l.     10 Sunshine Mint 10 ounce silver bars (defendant 10 Sunshine Mint 10-ounce silver bars), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 10-Sunshine Mint 10-ounce silver bars are currently in the custody of Department of Homeland Security in Denver, Colorado.

m.     Gairsoppa Shipwreck 10-ounce silver bar, 10 ounces (defendant Gairsoppa silver bar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Gairsoppa silver bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

n.     Morgan silver 10-ounce bar (defendant Morgan 10-ounce silver bar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Morgan 10-ounce silver bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

o.     Provident silver 10-ounce bar (defendant Provident 10-ounce silver bar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Provident 10-ounce silver bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

p.     Noah's Ark silver 10-ounce coin (defendant Noah's Ark coin), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Provident 10-ounce silver bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

q.     43 Sunshine Mint silver 5-ounce each bars (defendant 43 Sunshine Mint 5-ounce silver bars), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 43-Sunshine Mint 5-ounce silver bars are currently in the custody of Department of Homeland Security in Denver, Colorado.

r.     10 Sunshine Mint silver 1 ounce each bars (defendant 10 Sunshine Mint 1-ounce silver bars), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 10-Sunshine Mint 1-ounce silver bars are currently in the custody of Department of Homeland Security in Denver, Colorado.

s.     2 Generic silver with Buffalo 1-ounce each coins (defendant 2 Buffalo coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½. Defendant 2-Buffalo coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

t.     Canadian Maple Leaf coin, 1 ounce (defendant Canadian Maple Leaf coin), seized on May 30, 2019 from defendant 10413 County Road 76 ½. Defendant Canadian Maple Leaf coin is currently in the custody of Department of Homeland Security in Denver, Colorado.

u.     Canadian Cougar coin 1-ounce (defendant Canadian Cougar coin), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Canadian Maple Leaf coin is currently in the custody of Department of Homeland Security in Denver, Colorado.

v.     7 Generic silver 1-ounce each coins (defendant 7 Generic silver coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 7-Generic silver coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

w.     1883 Morgan Silver Dollar coin (defendant 1883 Morgan silver dollar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 1883 Morgan silver dollar is currently in the custody of Department of Homeland Security in Denver, Colorado.

x.     2 Collector Coins (defendant 2 Collector Coins), more fully described as 1-SS Gairsoppa coin and 1-Al Capone coin, were seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 2 Collector Coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

y.     25 2015 Canadian Maple Mint 1-ounce coins (defendant 25 2015 Maple Mint coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 2015 Maple Mint coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

z.     500 Canadian Maple silver 1-ounce each coins (defendant 500 Canadian Maple silver coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 500 Canadian Maple silver coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

aa.     500 2015 ASE silver coins (defendant 500 ASE coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 500 ASE coins currently in the custody of Department of Homeland Security in Denver, Colorado.

bb.     500 West Point silver coins (defendant 500 West Point coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 500 West Point coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

cc.     500 2015 and 2014 silver coins (defendant 500 2015 and 2014 coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 500 2015 and 2014 coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

dd.     15 Gold Bars, 1-ounce each (defendant 15 Gold Bars), more fully described as 2 Perth , 3 Sunshine, 2 Pamp Suisse, 2 Republic, 2 OPM, 1 Elemental, 3

Valcambi Suisse, seized on May 30, 2019 from defendant 10413 County Road 76 ½. Defendant 15 Gold Bars are currently in the custody of Department of Homeland Security in Denver, Colorado.

      ee.    2 2015 U.S. gold 1-ounce each coins (defendant 2 2015 Gold Coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant 2 2015 Gold Coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

      ff.    25 Pamp Suisse gold1-gram each bars (defendant 25 Pamp Suisse gold bars), seized on May 30, 2019 from defendant 10413 County Road 76 ½. Defendant 25 Pamp Suisse gold bars are currently in the custody of Department of Homeland Security in Denver, Colorado.

      gg.    Pamp Suisse gold 2.5-gram bar (defendant Pamp Suisse gold bar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Pamp Suisse gold bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

      hh.    Sunshine Mint gold 5-gram bar (defendant Sunshine Mint gold bar), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Sunshine Mint gold bar is currently in the custody of Department of Homeland Security in Denver, Colorado.

      ii.    Canadian Maple Leaf gold 1/10-ounce coin (defendant Canadian Maple Leaf gold coin), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Canadian Maple Leaf gold coin is currently in the custody of Department of Homeland Security in Denver, Colorado.

      jj.    5 MX Dos Pesos coins (defendant Dos Pesos coins), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Dos Pesos coins are currently in the custody of Department of Homeland Security in Denver, Colorado.

      kk.    1908 United States 2 ½ Dollar coin (defendant U.S. 2 ½ Dollar coin), seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant U.S. 2 ½ Dollar coin is currently in the custody of Department of Homeland Security in Denver, Colorado.

      ll.    123 Miscellaneous Firearms Parts and Ammunition (defendant Miscellaneous Firearms Parts), which are fully described in Attachment A, which is incorporated herein.  Defendant Firearms Parts were seized on May 30, 2019 from defendant 10413 County Road 76 ½.  Defendant Firearms Parts are currency in the custody of Department of Homeland Security in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

1.   Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

2.     On September 5, 2018, U.S. Customs and Border Protection (CBP) and San Francisco Anti-Terrorist/Contraband Enforcement Team (ATCET) received a request form the National Targeting Center (NTC) to intercept a U.S. Postal Service parcel suspected of containing smuggled weapons.  The shipper was identified as Toy Liquidators, located at 1001 E. Harmony Road, Suite A, Fort Collins, Colorado 80525. The intended recipient was identified at Jasbinder Kaur at National Trader House, located at Point Markers-Opps Malkhansingh Hospital, Ramasl Ganj Uttar Pradesh, Aligarh, India 202001.

3.     On or about September 17, 2018, CBP investigators intercepted the parcel, which contained a remote controlled toy car.  Investigators discovered a concealed void inside the toy car that contained a Glock Lower Parts Kit, for a Glock handgun.  Investigators referred the Glock parts to the Exodus Command Center (ECC) at U.S. Immigration and Customs Enforcement.  ECC maintains information from federal regulatory agencies that grant export licenses on certain controlled items, such as firearms, and specifically whether a license is required, and whether or not a license has been granted.  ECC reported that a Department of State export license was required to legally ship the Glock Lower Parts kit, and that the shipper had failed to obtain the required licensing.

4.     On October 25, 2018, CBP investigators learned that the shipper, Toy Liquidators, had shipped firearms parts illegally from the United States to Australia, in August 2018.  Investigators also identified seven additional export shipments sent by Toy Liquidators from mailing addresses in Colorado, to locations in Australia and India.  All manifests listed the parcel contents as "car toy" or "toy car".

## Information from Stamps.com

5.     Stamps.com is an American company that provides internet-based postage, mailing, and shipping services.  Stamps.com online postage service enables small businesses and internet retailers to print U.S. Postal Service-approved postage with just a computer, a printer, and Internet connection, from a home or office.  Stamps.com targets its services toward small businesses and home offices.

6.     Investigators submitted a request to Stamps.com regarding a certain U.S. Postal Service package sent from Colorado to India.  Stamps.com identified the account owner responsible for the shipment as Michael John Suppes with MJS Performance LLC, at defendant 10413 County Road 76 ½.

7.     Information from Stamps.com included information on over 1,200 domestic and international shipments made between January 25, 2015 and November 5, 2018 on Suppes' account.  The business names used by Suppes' Stamps.com account include, MJS Performance LLC, 1st Tactical Strike, Toys-N-Games Inc., Athletics Inc., Athletic Games, HobbyTown INC., Discount Apparel, Toy Liquidators, Clothing Accessories LLC, Games and More, Outdoor Games LLC, Toy Shop LLC, The Bicycle Shop LLC, and Clothing Warehouse Inc.

8.      The associated email addresses for Suppes' Stamps.com account are godgivenright@skybeam.com and sales@mjsperformance.com.  The associated Internet Protocol (IP) address was 76.76.69.3.

9.      Colorado Secretary of State records reveal that the only business registered to Michael Suppes is MJS Performance LLC, at defendant 10413 County Road 76 ½.

10.     Investigators requested information from Rise Broadband for IP address 76.76.69.3, which was associated with the Stamps.com account used to ship firearms parts from Colorado to India.  Rise Broadband identified the account owner as Michael Suppes and his company MJS Performance LLC at defendant 10413 County Road 76 ½, with the phone number (303) 717-3451.  The associated email address was sales@mjsperformance.com.

11.     Investigators located an eBay account for MJS Performance.  The eBay profile indicated that the seller was located in Windsor, Colorado, had been a member since February 6, 2001, and had sold over 6,000 items.  The associated email address was sales@mjsperformance.com.  A review of the items offered for sale by the MJS Performance eBay account included motorcycle muffler parts and firearms parts, including the same type of Glock Lower Parts Kit that was concealed in the toy remote controlled car that was intercepted before being shipped to India.

12.     Investigators noted that most of the shipments identified during this investigation were sent from Suppes' company, MJS Performance LLC, using the registered address at defendant 10413 County Road 76 ½; however, the Stamps.com account also included packages shipped using fictitious business names as the sending

business.  For instance, a parcel seized by CBP that contained a concealed firearm, listed the sender as Toy Liquidators 1001 East Harmony Road, Suite A, Fort Collins, CO 80525. The phone number listed on the parcel was the same number listed on Suppes' Stamps.com account.  This same sending address was used for both domestic and international shipments.

### Identified and Intercepted International Firearms Shipments

13.    Investigators reviewed information about a U.S. Postal Service shipment with tracking number CJ480776905US, sent by Suppes to a residence in Echuca, Australia.  Investigators with the Australian Border Force (ABF) in Melbourne, Australia seized the parcel.  On December 3, 2018, ABF investigators contacted the resident in Echuca, Australia, who initially stated that the parcel contained firearms parts, but then went on to say that he had refused delivery from the Australian Post.  ABF confirmed that the parcel contained concealed parts for a Glock handgun.

14.    Investigators reviewed Suppes' Stamps.com account and located the record for the shipment with tracking number CJ480776905US, which contained the firearms parts.

15.    On December 21, 2018, investigators learned that CBP agents in New York detained two packages containing concealed and non-declared firearms parts destined for India.  The sender on both parcels was Toy Shop LLC, located at 1281 East Magnolia Street, Suite D, Fort Collins, Colorado 80524.  This address has no association to Suppes. The addressee of both parcels was Mohd Kashif Hassan City point market opps malkhansingh hospital rasal ganj Aligarh, India 202001.  The shipping label on both parcels listed the contents as "Toy."

16.     Investigators discovered that the parcels each contained firearms parts concealed inside a hidden compartment in a toy remote controlled car.  An ECC licensing determination confirmed that the parcels required a Department of State export license.

17.     Investigators reviewed the shipping activity of Suppes' Stamps.com account and located the same Toy Shop LLC business name was used to ship international parcels, using the return address of 1281 E. Magnolia Street, Suite D, Fort Collins, Colorado 80524.

## Aramex Shipments

18.     Aramex is an international freight forwarder with locations in California and New York.  Investigators noticed a pattern of Suppes sending parcels with fictitious business names as the sender.

19.     Investigators contacted a representative from Aramex, the international freight forwarder, who reported that packages received by Aramex from addresses and company names associated with Michael Suppes' Stamps.com account, were later forwarded to Aramex customers in Saudi Arabia.  For example, a U.S. Postal Service parcel was sent to Norh Alzahrani, Jed 1052505, 18221 150th Ave. Springfield Gardens, NY 11413, from Clothing Warehouse Inc. with an address of 1281 E Magnolia Street Suite D, Fort Collins, CO 80524.  Homeland Security Investigations (HSI) agents in New York detained the parcel, and found it contained three .223 caliber rifle barrels concealed in a metal shoe rack.  An ECC licensing determination confirmed that the parcel required a Department of State export license.

20.     On January 2, 2019, CBP detained an outbound shipment containing firearms parts held at Aramex in Springfield Gardens, New York.  The sender was Toy

Shop LLC, 1281 East Magnolia Street-Suite D, Fort Collins, CO 80524, and the recipient was Mohd Kashif Hasan City point market ops malkhansingh hospital rasal ganj Aligarh 202001, India.   An ECC licensing determination confirmed that the parcel required a Department of State export license.

21.    On January 2, 2019, CBP detained an outbound shipment containing firearms parts held at Aramex in Springfield Gardens, New York.   The sender was Toy Inc. 2601 South Lemay Fort Collins, Colorado 80524, and the recipient was Khalid Data Allah No Al dwa pharmacy cigar dragging mass Khobar, South Africa.   An ECC licensing determination confirmed that the parcel required a Department of State export license.

22.    On January 7, 2019, CBP detained an outbound shipment containing firearms parts held at Aramex in Springfield Gardens, New York.   The sender was Toy Shop LLC, 1281 East Magnolia Street-Suite D, Fort Collins, Colorado 80524, and the recipient was Mohd Kashif Hassan City point market opps malkhansingh hospital rasal ganj Aligarh 202001, India.   An ECC licensing determination confirmed that the parcel required a Department of State export license.

23.    On February 21, 2019, CBP investigators inspected a parcel sent by Toys Inc., 2601 S. Lemay, Fort Collins, Colorado 80525, to the recipient Khaled Data Allah, No Al Dwa Pharmacy Cigar Dragging Mass Khobar, Saudi Arabia.   The parcel contained a Smith & Wesson Model 500 revolver, and additional revolver cylinders.   An ECC licensing determination confirmed that the parcel required a Department of State export license.

### Modern Travel & Shipping

24.     Modern Travel and Shipping is a United States based freight forwarder located at 1638 E. Anaheim Street, Long Beach, California.  Investigators reviewed Suppes' Stamps.com account and found that between April 8, 2018 and November 5, 2018, approximately 70 parcels were shipped to Modern Travel and Shipping.

25.     On February 13, 2019, investigators interviewed Chanthavy Sam and Phanahap Tap, who are the owners of Modern Travel and Shipping.  Sam and Tap stated that for over a year they had been receiving parcels labeled "RC Car" or "Toy Car" from MS Supply LLC, at 1001-A East Harmony Road, #38, Fort Collins, Colorado 80525, and Toy Shop LLC, located at 1281 E. Magnolia Street, Suite D, Fort Collings, Colorado 80524.  Modern Travel and Shipping forwarded most of the parcels to Mr. You Samnang in Cambodia.

26.     Sam and Tap stated that Samnang maintains a mailbox in Cambodia to receive the parcels, and that Samnang had recently switched the recipient name on the account to Rith Samnang.  According to Suppes' Stamps.com account, on August 28, 2018 a parcel was sent from MS Supply LLC, at 1001-A East Harmony Rd, Fort Collins, Colorado 80525, to Modern Travel and Shipping, and forwarded to Rith Samnang's mailbox in Cambodia.

27.     Sam and Tap told investigators that they had received three parcels from MS Supply LLC on February 10, 2019.  The parcels were forwarded to Cambodia on February 12, 2019.

28.     On February 14, 2019, Sam and Tap contacted investigators to report that they had received three parcels from TJ Supply at 1001-A East Harmony Rd. #38, Fort

Collins, Colorado 80525.  The parcels were addressed to Rith Samnang's mailbox at Modern Travel and Shipping, to be forwarded to Cambodia.

29.     Investigators transported the parcels to a CBP facility where the parcels were x-rayed.  The x-ray revealed that the parcels contained handgun and rifle parts.

30.     On March 4, 2019, Sam again called investigators to report that Modern Travel and Shipping had received two additional parcels from Colorado, to be forwarded to Cambodia.  CBP agents examined the parcels and they contained concealed and non-declared firearms parts.

### Undercover Purchases

31.     Beginning on December 20, 2018, an undercover HSI Special Agent (UCA), began using a covert eBay account to browse the eBay account for MJS Performance, and purchased a Glock handgun trigger kit for $101.37, including shipping.

32.     The UCA used a covert email account to exchange email correspondence with sales@mjsperformance.com regarding the sale of additional firearms parts for shipment to El Paso, Texas.  On December 21, 2018, the UCA received an email from Michael Suppes via no-reply@stamps.com with a tracking number.  On December 28, 2018, the UCA received a U.S. Postal Service delivery to a post office box in El Paso, Texas.  The parcel was mailed from MJS Performance LLC at defendant 10413 County Road 76 ½, and contained a Glock 19, 9mm Gen 3 lower parts kit.

33.     On December 26, 2018, the UCA called phone number (303) 717-3451, and a male answered the phone, "MJS Performance, this is Mike."  The UCA identified himself as the buyer from El Paso and asked Mike, believed to be Michael Suppes, if he

had already shipped his firearms parts to El Paso, Texas.  Suppes informed the UCA that the parts were being shipped that day.

34.     From December 26, 2018 through February 4, 2019, the UCA exchanged email correspondence with Suppes at the email address 1ststrike@protomail.com.

35.     Starting on December 26, 2018, the UCA sent emails to Suppes at sales@mjsperformance.com informing him that the UCA was currently in Mexico and wanted to purchase firearms parts in bulk.  Suppes responded and prompted the UCA to create a Protonmail email account.  Protonmail is a free encrypted email service hosted outside the United States.  Investigators noted that Suppes' customers in India and Australia were also using Protonmail email accounts to correspond with Suppes.

36.     On December 27, 2018, the UCA informed Suppes at his 1ststrike@protonmail.com account that he intended to purchase firearms parts in bulk and asked Suppes to send them to Mexico.  Suppes told the UCA he would not send the parts to Mexico.  The UCA then said he would find someone to smuggle the parts into Mexico from El Paso, Texas, because the UCA's customer was in Guadalajara, Mexico.

37.     The UCA also informed Suppes that he did not want to pay for the transactions with a credit card, and requested to pay through MoneyGram.  The UCA then asked Suppes if he would sell completed firearms, and Suppes responded that he would only sell the parts, for the buyer to assemble and complete himself.

38.     The UCA agreed to purchase firearm parts for ten handguns from Suppes. During the email exchanges, the UCA requested that Suppes send the firearms parts to

a post office box in El Paso, Texas, and that the UCA would then illegally smuggle the firearms parts into Mexico.

39.     On January 23, 2019 and January 25, 2019, the UCA wired $7,035.00 to Suppes via three separate MoneyGram payments to the Walmart located at 4500 Weitzel Street, Timnath, Colorado.

40.     Suppes requested to have two of the payments sent in his name, and to send the third payment to Jenna Stroh, who is Suppes' wife.

41.     On February 1, 2019, investigators contacted the Walmart store and obtained copies of the MoneyGram transaction receipts, and store security images of Suppes and Stroh in the Walmart store retrieving the MoneyGram payments.

42.     Between February 2, 2019 and February 4, 2019, the UCA received two U.S. Postal service parcels, mailed from two UPS stores in Fort Collins, Colorado.  The parcels contained parts for ten handguns.

43.     Beginning on March 18, 2019, the UCA corresponded with Suppes using 1ststrike@protonmail.com to introduce a new potential customer in Juarez, Chihuahua, Mexico.

44.     On March 26, 2019, a second undercover HSI Special Agent, (UCA2) corresponded with Suppes via 1ststrike@protonmail.com.  UCA2 told Suppes he would like to place an order for firearms parts, and have it delivered to El Paso, Texas, and that UCA2 would then bring them into Juarez from there.  UCA2 and Suppes negotiated the sale of parts for three assault rifles, four Glock handguns, magazines, and 3,000 rounds of ammunition.

45.     On May 30, 2019 a search warrant was executed at defendant 10413 County Road 76 ½.  Investigators discovered a large amount of firearms, firearms parts, and firearm accessories that were located throughout the residence.

46.     Investigators also discovered United States currency, collectible coins, gold bars, silver bars, and various firearms parts and ammunition.  Specifically, investigators seized defendant $18,746.00 in U.S. currency, defendant $724.00 in U.S. currency, and defendants 9 through 37 listed above.  Investigators also seized defendant Miscellaneous Firearms Parts.

47.     On June 18, 2019, the grand jury charged Suppes with six counts of smuggling goods from the United States, in violation of 18 U.S.C. § 554, one count of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D), and one count of possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d).

## Financial Analysis

### PayPal Account 196464005205761470

48.     It appears that Suppes has no other income outside of his personally owned and operated business, MJS Performance.

49.     PayPal account 196464005205761470, opened by Suppes in March 2002, appears to be the primary business account used by Suppes and MJS Performance.  According to PayPal records, this account was last accessed on January 18, 2019.  The account showed approximately 12,134 total transactions consisting of 830 transfers to First Bank account 8145510716 and Wells Fargo account 9048072798, totaling $626,316.52; 5,501 payments sent to vendors; and 5,803 payments received

from customers.  Of the payments received from customers, approximately 3,645 appear to be for firearms-related items, totaling $257,360.93.  Approximately 63% of the business transactions conducted by Suppes in this account are for firearms-related items, and the percentage could be higher as many transactions do not list a description of the items sold.

50.     Thirty-six of these transactions appear to be from customers located outside of the United States.  However, investigators have identified numerous occasions in which Suppes used a freight forwarding service, located in California or New York, which would receive the prohibited items and then forward them to the actual customer at an overseas address.  Investigators believe this was a deliberate attempt by Suppes to disguise the fact that the items he was shipping overseas were in fact controlled export items.  This also indicates that Suppes knew he was violating the law and took active steps to conceal his actions.

51.     Investigators also reviewed additional PayPal accounts owned by Suppes. Four of these accounts showed 62 transactions in which Suppes sent payment to vendors for firearms-related items.

52.     A fifth PayPal account showed 45 payments to vendors and 33 payments from customers.  The 33 customer payments appear to be for firearms-related items, and totaled $2,289.63.

### First Bank Account 8145510716

53.     Defendant First Bank account 0716 opened on November 21, 2008 in the name of Mike J. Suppes, dba MJS Performance, with Mike J. Suppes as the sole listed

owner and signer.  This account appears to be a primary checking account for MJS Performance.

54.     Between January 2017 and January 2019, bank records show approximately 1,214 deposits, totaling $1,586,884.40.  The deposits consist mostly of PayPal deposits and Bank of America Merchant Services deposits, which are credit card payments processed through Bank of America credit card and payment processing services.

55.     PayPal deposits stopped in March 2018, and investigators believe that PayPal flagged the accounts held by Suppes at that time because of transactions related to firearms related sales.  The remaining deposits consist of transfers from another First Bank checking account held by Suppes, checks deposited as payment from customers, and tax refunds from the Internal Revenue Service and the Colorado Department of Revenue.

56.     During this time, bank records show 413 withdrawals totaling approximately $1,562,372.77.  These withdrawals consisted of payments to Bank of America Merchant Services totaling $52,826.29, payments to Cabela's Visa totaling $822,100.00, payments to Capital One totaling $144,657.77, payroll payments totaling $83,409.40, vehicle loan payments totaling $46,574.91, and property mortgage payments totaling $109,382.82.  The remaining withdrawals consist of business expenses such as internet access, tax payments, and vendor payments, and include transfers to other First Bank and Wells Fargo Bank accounts controlled by Suppes.

57.     On May 30, 2019, a seizure warrant was executed on defendant First Bank account 0716.  $65,034.16 was seized from the account.

**First Bank Account 8142726343**

58.     Defendant First Bank account 6343 opened on March 6, 1998 in the name of Mike J. Suppes, with Suppes as the sole listed owner and signer.  This account appears to be the primary personal checking account for Suppes.

59.     Between January 2017 and January 2019, approximately 53 deposits were recorded totaling $126,126.02.  These deposits consisted primarily of payroll transfers from MJS Performance's defendant First Bank account 0716 totaling $83,381.41, and non-payroll transfers totaling $30,600.00.  The remaining deposits consist of checks and a few small PayPal transactions.

60.     During this time, approximately 41 withdrawals were recorded totaling $104,175.43.  These withdrawals consist primarily of payments to Barclay Card totaling $27,759.59 and transfers to defendant First Bank account 0716 totaling $60,441.88. The remaining withdrawals consist of checks written by Suppes.

61.     On May 30, 2019, a seizure warrant was executed on defendant First Bank account 6343.  $16,887.75 was seized from the account.

**Wells Fargo Bank Account 9048072798**

62.     Defendant Wells Fargo Bank account 2798 opened on October 4, 2016 in the name of Mike J. Suppes and MJS Performance LLC, with Mike J. Suppes as the sole listed owner and signer.  The account appears to be a primary business checking account.

63.     Between January 2017 and December 2018, approximately 225 deposits were recorded totaling $202,246.51.  These deposits included payments from PayPal

totaling $69,336.46, branch deposits totaling $77,910.05, and transfers from other accounts controlled by Suppes, totaling $55,000.00.

64.     PayPal deposits stopped in February 2018, and investigators believe that PayPal flagged the accounts held by Suppes at that time because of transactions related to firearms related sales.

65.     During this time, approximately 147 withdrawals were recorded totaling approximately $171,645.23.  These withdrawals consisted of transfers to Wells Fargo Bank account ending in 0716 totaling $15,000.00, loan interest payments totaling $27,561.38, a wire transfer to Mark S. Maxwell of $9,338.40, property mortgage payments totaling $19,955.94, and outgoing wire transfers totaling $99,050.50.  The wire transfers were destined for a company located in China called Yinghui Silencer Limited, which appears to be a distributor of motorcycle mufflers.

66.     On May 30, 2019, a seizure warrant was executed on defendant Wells Fargo Bank account 2798.  $14,064.34 was seized from the account.

### 2015 Toyota Tundra Crewmax Limited VIN: 5TFHW5F14FX430497

67.     Defendant 2015 Toyota Tundra Limited 0497 was purchased December 9, 2014 with a loan from Toyota Motor Credit Corporation, and registered in the names MJS Performance LLC and Michael John Suppes.

68.     On April 17, 2019, Suppes met with the UCA to sell firearms parts, magazines, and ammunition.  The UCA observed Suppes arrive at the meeting location in defendant 2015 Toyota Tundra Limited 0497.

69.     During the meeting, the UCA discussed transporting items purchased from Suppes across the border into Mexico.  When the UCA mentioned the use of x-ray

machines at the border, Suppes suggested that the UCA cover the firearms parts with sheet metal to defeat the x-ray machine.

70.     Suppes informed the UCA that the firearms parts were located in the back of defendant 2015 Toyota Tundra Limited 0497.  Suppes pointed out 31-round 9mm magazines and a 50-round 9mm drum magazines.  Suppes also pointed out a number of boxes and identified which boxes contained the AR style and AK style rifle parts. Suppes also pointed out that he had modified a Glock handgun upper with the colors of the Mexican flag.

71.     The UCA inquired about purchasing other firearms parts and ammunition, and inquired about Suppes delivering the items to the El Paso, Texas area so that they could then be transported to Guadalajara, Mexico.  The UCA then asked about purchasing between 30 and 50 rifles to be resold, and Suppes said that would not be a problem and that Suppes could fill the order within several weeks.  Suppes also told the UCA that he could make weapons parts in the machine shop on his property, and that those services would cost extra.

72.     The UCA handed Suppes $10,000.00 in U.S. currency and Suppes retrieved several boxes from defendant 2015 Toyota Tundra Limited 0497, which he handed to the UCA.  The boxes contained all the parts necessary to complete two AK-47 rifles, three AR-15 rifles, and four Glock handguns.  Other boxes contained three 1,000 round cases of ammunition, magazines, and other equipment needed to complete the firearms.

73.     A review of First Bank account 8145510716 shows that between March 2017 and July 2018, Suppes made substantial payments from 0716 to Toyota Financial Services, totaling $46,574.91.

74.     Defendant 2015 Toyota Tundra Limited 0497 appears to be unencumbered.

### 2015 Toyota Tundra Crewmax SR5 VIN: 5TFDW5F13FX447662

75.     Defendant 2015 Toyota Tundra SR5 7662 was purchased February 20, 2015 with a loan from Toyota Motor Credit Corporation, and registered in the names MJS Performance LLC and Michael John Suppes.

76.     On April 18, 2019, the UCA contacted Suppes using the 1ststrike@protonmail.com email address and requested to purchase 50 complete rifles. Suppes agreed to sell thirty AR-15 rifles and twenty AK-47 rifles for $82,000.00. Suppes agreed to include fifty rifle magazines and ammunition for an additional $2,650.00.  Suppes agreed to deliver the rifles to El Paso, Texas for an additional $2,000.00.

77.     On May 16, 2019, Suppes continued to discuss the rifle purchase with the UCA, including the date and time to meet.  The UCA informed Suppes that he would meet him in Pueblo, Colorado on May 30 to make the purchase.

78.     On May 30, 2019, investigators observed Suppes leave defendant 10413 County Road 76 ½ driving defendant 2015 Toyota Tundra SR5 7662.

79.     Whiling traveling south on Interstate 25 near Firestone, Colorado, Suppes was stopped while driving defendant 2015 Toyota Tundra SR5 7662.  A search of the

vehicle revealed several boxes in the bed of the truck that contained fifty AR and AK style rifles, rifle magazines, and ammunition.

80.     Investigators interviewed Suppes who said that he initially intended to drive to Pueblo, Colorado with the firearms and equipment to sell to an individual he believed was a Mexican citizen.  Suppes said he had changed his mind because he knew it was illegal to sell the firearms, so he had instead decided to drive to Castle Rock, Colorado to purchase a trailer.  Suppes could not explain why he was transporting the parts to complete fifty firearms if he was simply going to purchase a trailer.

81.     A review of First Bank account 8145510716 shows that between March 2017 and July 2018, Suppes made substantial payments to Toyota Financial Services, totaling $46,574.91.

82.     Defendant 2015 Toyota Tundra SR5 7662 appears to be unencumbered.

### Defendant 10413 County Road 76 ½ and Collectibles

83.     Defendant 10413 County Road 76 ½ was purchased in July 2011 for $349,000.00, with a loan of $314,100.00.  In July 2018, Suppes began making significant additional payments from First Bank account 8145510716 toward the mortgage balance, totaling $109,382.82.

84.     The investigation has shown that Suppes appeared to begin buying the defendant collectible coins, gold bars, and silver bars in 2015.

### Conclusion

85.     Investigators have confirmed that Michael J. Suppes is not a licensed firearms dealer under Federal law.

## VERIFICATION OF TODD A. MARTENS
## SPECIAL AGENT, HOMELAND SECURITY INVESTIGATIONS

I, Special Agent Todd A. Martens, hereby state and aver under penalty of perjury that the facts stated herein are true and correct to the best of my knowledge, information and belief.

_____
Todd A. Martens
Special Agent
Homeland Security Investigations

STATE OF COLORADO      )
                       )  ss.
COUNTY OF DENVER       )

The foregoing was acknowledged before me this 16th day of October 2019 by Todd A. Martens, Special Agent, Homeland Security Investigations.

_____
Notary Public, State of Colorado

AISHA MONIQUE JONES
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20044044397
MY COMMISSION EXPIRES JANUARY 12, 2021

My Commission Expires: January 12, 2021

## FIRST CLAIM FOR RELIEF

86.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

87.     By the foregoing and other acts, defendant 10413 County Road 76 ½ constitutes property involved in violations of 18 U.S.C. §§ 1956 and 1957, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR RELIEF

88.      The Plaintiff repeats and incorporates by reference each of the paragraphs above.

89.     By the foregoing and other acts, defendant 10413 County Road 76 ½ constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRD CLAIM FOR RELIEF

90.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

91.     By the foregoing and other acts, defendant 10413 County Road 76 ½ constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FOURTH CLAIM FOR RELIEF

92.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

93.     By the foregoing and other acts, defendant First Bank account 0716 constitutes property involved in violations of 18 U.S.C. § 1956, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## FIFTH CLAIM FOR RELIEF

94.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

95.     By the foregoing and other acts, defendant First Bank account 0716 constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTH CLAIM FOR RELIEF

96.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

97.     By the foregoing and other acts, defendant First Bank account 0716 constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTH CLAIM FOR RELIEF

98.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

99.     By the foregoing and other acts, defendant First Bank account 6343 constitutes property involved in violations of 18 U.S.C. § 1956, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## EIGHTH CLAIM FOR RELIEF

100.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

101.    By the foregoing and other acts, defendant First Bank account 6343 constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

NINTH CLAIM FOR RELIEF

102.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

103.    By the foregoing and other acts, defendant First Bank account 6343 constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778 and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

TENTH CLAIM FOR RELIEF

104.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

105.    By the foregoing and other acts, defendant Wells Fargo account 2798 constitutes property involved in violations of 18 U.S.C. § 1956, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

ELEVENTH CLAIM FOR RELIEF

106.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

107.    By the foregoing and other acts, defendant Wells Fargo account 2798 constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWELFTH CLAIM FOR RELIEF

108.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

109.    By the foregoing and other acts, defendant Wells Fargo account 2798 constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTEENTH CLAIM FOR RELIEF

110.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

111.    By the foregoing and other acts, defendant 2015 Toyota Tundra Limited constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FOURTEENTH CLAIM FOR RELIEF

112.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

113.    By the foregoing and other acts, defendant 2015 Toyota Tundra Limited constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FIFTEENTH CLAIM FOR RELIEF

114.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

115.     By the foregoing and other acts, defendant 2015 Toyota Tundra SR5 constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### SIXTEENTH CLAIM FOR RELIEF

116.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

117.     By the foregoing and other acts, defendant 2015 Toyota Tundra SR5 constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### SEVENTEENTH CLAIM FOR RELIEF

118.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

119.     By the foregoing and other acts, defendant $18,746.00 in U.S. currency constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### EIGHTEENTH CLAIM FOR RELIEF

120.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

121.     By the foregoing and other acts, defendant $18,746.00 in U.S. currency constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### NINETEENTH CLAIM FOR RELIEF

122.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

123.    By the foregoing and other acts, defendant $724.00 in U.S. currency constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTIETH CLAIM FOR RELIEF

124.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

125.    By the foregoing and other acts, defendant $724.00 in U.S. currency constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTY-FIRST CLAIM FOR RELIEF

126.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

127.    By the foregoing and other acts, defendant Four Horseman coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTY-SECOND CLAIM FOR RELIEF

128.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

129.    By the foregoing and other acts, defendant Four Horseman coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTY-THIRD CLAIM FOR RELIEF

130.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

131.   By the foregoing and other acts, defendant T-Rex coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTY-FOURTH CLAIM FOR RELIEF

132.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

133.   By the foregoing and other acts, defendant T-Rex coin constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTY-FIFTH CLAIM FOR RELIEF

134.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

135.   By the foregoing and other acts, defendant Sunshine Mint 100-ounce silver bar constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## TWENTY-SIXTH CLAIM FOR RELIEF

136.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

137.   By the foregoing and other acts, defendant Sunshine Mint 100-ounce silver bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

<u>TWENTY-SEVENTH CLAIM FOR RELIEF</u>

138.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

139.   By the foregoing and other acts, defendant 10 Sunshine Mint 10-ounce silver bars constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

<u>TWENTY-EIGHTH CLAIM FOR RELIEF</u>

140.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

141.   By the foregoing and other acts, defendant 10 Sunshine Mint 10-ounce silver bars constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

<u>TWENTY-NINTH CLAIM FOR RELIEF</u>

142.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

143.    By the foregoing and other acts, defendant Gairsoppa 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTIETH CLAIM FOR RELIEF

144.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

145.    By the foregoing and other acts, defendant Gairsoppa 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-FIRST CLAIM FOR RELIEF

146.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

147.    By the foregoing and other acts, defendant Morgan 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-SECOND CLAIM FOR RELIEF

148.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

149.    By the foregoing and other acts, defendant Morgan 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-THIRD CLAIM FOR RELIEF

150. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

151. By the foregoing and other acts, defendant Morgan 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-FOURTH CLAIM FOR RELIEF

152. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

153. By the foregoing and other acts, defendant Provident 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-FIFTH CLAIM FOR RELIEF

154. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

155. By the foregoing and other acts, defendant Provident 10-ounce silver bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-SIXTH CLAIM FOR RELIEF

156. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

157. By the foregoing and other acts, defendant Noah's Ark coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-SEVENTH CLAIM FOR RELIEF

158.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

159.    By the foregoing and other acts, defendant Noah's Ark coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-EIGHTH CLAIM FOR RELIEF

160.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

161.    By the foregoing and other acts, defendant Noah's Ark coin constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRTY-NINTH CLAIM FOR RELIEF

162.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

163.    By the foregoing and other acts, defendant 43 Sunshine Mint 5-ounce coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTIETH CLAIM FOR RELIEF

164.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

165.    By the foregoing and other acts, defendant 43 Sunshine Mint 5-ounce coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-FIRST CLAIM FOR RELIEF

166.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

167.    By the foregoing and other acts, defendant 10 Sunshine Mint 1-ounce coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-SECOND CLAIM FOR RELIEF

168.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

169.    By the foregoing and other acts, defendant 10 Sunshine Mint 1-ounce coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-THIRD CLAIM FOR RELIEF

170.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

171. By the foregoing and other acts, defendant 2 Buffalo coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-FOURTH CLAIM FOR RELIEF

172. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

173. By the foregoing and other acts, defendant 2 Buffalo coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-FIFTH CLAIM FOR RELIEF

174. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

175. By the foregoing and other acts, defendant Canadian Maple Leaf coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-SIXTH CLAIM FOR RELIEF

176. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

177. By the foregoing and other acts, defendant Canadian Maple Leaf coin constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-SEVENTH CLAIM FOR RELIEF

178.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

179.   By the foregoing and other acts, defendant Canadian Cougar coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-EIGHTH CLAIM FOR RELIEF

180.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

181.   By the foregoing and other acts, defendant Canadian Cougar coin constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FORTY-NINTH CLAIM FOR RELIEF

182.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

183.   By the foregoing and other acts, defendant 7 Generic silver coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FIFTIETH CLAIM FOR RELIEF

184.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

185.   By the foregoing and other acts, defendant 7 Generic silver coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FIFTY-FIRST CLAIM FOR RELIEF

186. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

187. By the foregoing and other acts, defendant 1883 Morgan silver dollar constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FIFTY-SECOND CLAIM FOR RELIEF

188. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

189. By the foregoing and other acts, defendant 1883 Morgan silver dollar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FIFTY-THIRD CLAIM FOR RELIEF

190. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

191. By the foregoing and other acts, defendant 2 Collector Coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FIFTY-FOURTH CLAIM FOR RELIEF

192. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

193.    By the foregoing and other acts, defendant 2 Collector Coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### FIFTY-FIFTH CLAIM FOR RELIEF

194.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

195.    By the foregoing and other acts, defendant 25 2015 Maple Mint coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### FIFTY-SIXTH CLAIM FOR RELIEF

196.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

197.    By the foregoing and other acts, defendant 25 2015 Maple Mint coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### FIFTY-SEVENTH CLAIM FOR RELIEF

198.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

199.    By the foregoing and other acts, defendant 500 Canadian Maple silver coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### FIFTY-EIGHTH CLAIM FOR RELIEF

200.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

201.    By the foregoing and other acts, defendant 500 Canadian Maple silver coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

FIFTY-NINTH CLAIM FOR RELIEF

202.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

203.    By the foregoing and other acts, defendant 500 ASE coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

SIXTIETH CLAIM FOR RELIEF

204.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

205.    By the foregoing and other acts, defendant 500 ASE coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

SIXTY-FIRST CLAIM FOR RELIEF

206.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

207.   By the foregoing and other acts, defendant 500 West Point coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-SECOND CLAIM FOR RELIEF

208.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

209.   By the foregoing and other acts, defendant 500 West Point coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-THIRD CLAIM FOR RELIEF

210.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

211.   By the foregoing and other acts, defendant 500 2015 and 2014 coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-FOURTH CLAIM FOR RELIEF

212.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

213.   By the foregoing and other acts, defendant 500 2015 and 2014 coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-FIFTH CLAIM FOR RELIEF

214.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

215.   By the foregoing and other acts, defendant 15 Gold Bars constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-SIXTH CLAIM FOR RELIEF

216.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

217.   By the foregoing and other acts, defendant 15 Gold Bars constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-SEVENTH CLAIM FOR RELIEF

218.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

219.   By the foregoing and other acts, defendant 2 2015 Gold Coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-EIGHTH CLAIM FOR RELIEF

220.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

221.   By the foregoing and other acts, defendant 2 2015 Gold Coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SIXTY-NINTH CLAIM FOR RELIEF

222.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

223.    By the foregoing and other acts, defendant 25 Pamp Suisse gold bars constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTIETH CLAIM FOR RELIEF

224.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

225.    By the foregoing and other acts, defendant Pamp Suisse gold bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-FIRST CLAIM FOR RELIEF

226.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

227.    By the foregoing and other acts, defendant Sunshine Mint gold bar constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-SECOND CLAIM FOR RELIEF

228.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

229.    By the foregoing and other acts, defendant Sunshine Mint gold bar constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-THIRD CLAIM FOR RELIEF

230.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

231.    By the foregoing and other acts, defendant Canadian Maple Leaf coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-FOURTH CLAIM FOR RELIEF

232.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

233.    By the foregoing and other acts, defendant Canadian Maple Leaf coin constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-FIFTH CLAIM FOR RELIEF

234.    The Plaintiff repeats and incorporates by reference each of the paragraphs above.

235.    By the foregoing and other acts, defendant Dos Pesos coins constitute property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-SIXTH CLAIM FOR RELIEF

236.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

237.   By the foregoing and other acts, defendant Dos Pesos coins constitute property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-SEVENTH CLAIM FOR RELIEF

238.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

239.   By the foregoing and other acts, defendant U.S. 2 ½ Dollar coin constitutes property derived from proceeds traceable to violations of 18 U.S.C. § 554, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-EIGHTH CLAIM FOR RELIEF

240.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

241.   By the foregoing and other acts, defendant U.S. 2 ½ Dollar coin constitutes property derived from proceeds traceable to violations of 22 U.S.C. § 2778, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SEVENTY-NINTH CLAIM FOR RELIEF

242.   The Plaintiff repeats and incorporates by reference each of the paragraphs above.

243.   By the foregoing and other acts, defendant 123 Miscellaneous Firearms Parts constitute property involved in, used, or intended to be used in any knowing

violation of 18 U.S.C. § 922(a)(1)(A), and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant properties in favor of the United States, that the United States be authorized to dispose of the properties in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant properties and issue a Certificate of Reasonable Cause Pursuant to 28 U.S.C. § 2465.

DATED this 16th day of October 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: s/ Tonya S. Andrews
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
Phone: 303-454-0100
Email: tonya.andrews@usdoj.gov
*Attorney for the United States*